## Barnett Township *against* Jefferson County.

Road taxes upon unseated lands assessed and payable by the county to a township, before the division of it, in pursuance of the sixth section of the act of the 13th of March, 1815, shall be paid to the same township after the division, although the lands lay within the new township, and the taxes were collected after its erection.

ERROR to the common pleas of *Jefferson* county.

The Supervisors of Barnett Township against The Commissioners of Jefferson County.   *Assumpsit.*

Barnett township, previously to February sessions of the court of quarter sessions of the peace of Jefferson county in the year 1832, formed a part of the territory of Rose township.   At that session of the court, Rose township was divided, and Barnett township erected into a new township out of it.   But prior to that, for five or six years, the unseated lands lying within that portion of Rose township, which was subsequently erected into Barnett township, amounting to upwards of fifty tracts, had been assessed for road taxes, as the property of individuals, by the supervisors of Rose township, within which the lands then lay, until they were sold and purchased in by the commissioners of the county, on account of taxes assessed and due upon them; and after such sale, were charged by them with road taxes for Rose township up to February 1832.   These lands, after the erection of Barnett township, were either redeemed by the former owners, or sold by the commissioners of the county, and the moneys charged upon them for road taxes were thus collected by the commissioners.   The supervisors of Barnett township claim, that notwithstanding the taxes were charged upon the lands, while they remained within Rose township, yet, inasmuch as they did not become payable, or, at least, the payment of them could not be enforced, until after the erection of their township, and as the lands, from which they were collected, lay all within the bounds of their township, they are entitled to receive the amount for the purpose of making and repairing the roads and highway of Barnett township.   Whether they are so entitled was the only question presented and which the court below determined against the plaintiff.

*Buffington*, for plaintiff in error, referred to the acts of 1815 and 1824, on the subject, and cited 3 *Watts* 394; 5 *Serg. & Rawle* 117.

*Arthurs*, for defendant in error, referred also to the acts of 1802 and 1811, *Purd. Dig.* (1830) 804.

[Barnett Township v. Jefferson County.]

The opinion of the court was delivered by

KENNEDY, J.—The plaintiffs contend, that the money in controversy having been collected since the erection of their township, from lands lying within it, it is but just and reasonable that they should have the use of them, for making and repairing the roads and highways therein. And in further support of their claim, they rely upon the words in the latter part of the sixth section of the act of the 13th of March 1815, amending the act directing the mode of selling unseated lands for taxes, which directs that "the moneys so received for road taxes shall be paid to the supervisors of the roads of the township within which such lands shall lie, on orders to be drawn by the county commissioners on the treasurer, to be applied by them in making and repairing the roads and highways in their respective townships." But to give these words "the township within which such lands shall lie," the construction that is contended for on behalf of the plaintiffs, would change the object and use for which the moneys in question were assessed and charged on the lands from which they were raised, either by a sale thereof, or payment by the owners. They were clearly assessed and charged for the use, in the first instance, of Rose township; and had the sums charged been paid then, they must unquestionably have been paid over to the supervisors of that township. Barnett township had no existence then, and, of course, could pretend no claim. It would, therefore, seem to be going beyond what was intended by the legislature to give such construction to those words. There is certainly no other clause to be found in any of the acts on this subject, or if there be it has not been brought to our notice, which would seem to indicate such intention. The eighth section, however, of the same act, which enacts that "any board of commissioners may direct the treasurer of the proper county to receive in advance, for any term not exceeding six years, a sum which, in their estimation shall be equal to the taxes that ought to be imposed on any such lands, during the period for which they shall so compound with the owners as aforesaid," goes to show pretty clearly that such could not have been the design of the legislature. Because, in such case, the supervisors of the township, where the lands were situated at the time of the composition made, would become entitled to receive each year's proportion of such composition-money as the year came round, as long as the township should remain undivided, and they had occasion to require that such lands should be charged with taxes for the purpose of making and repairing the roads and highways within their township. It is the township, that is authorised by law in such case, either to make the charge, or to require that it shall be made upon the lands, that would seem to have the right to receive it, when it shall be afterwards paid or collected. The money here, as I have already said, was clearly charged on the lands for the benefit of Rose township. Rose township must, therefore, be considered as entitled to receive

[Barnett Township v. Jefferson County.]

it, unless there be something contained in the acts of assembly on the subject, forbidding or making a different appropriation of it. We, however, are unable to discover any thing which would seem to require or justify such prohibition or change of appropriation. The clause recited above, and relied on by the plaintiffs will bear a construction different from what their counsel would have us put on it; and one, which is not only in favor of Rose township, but seems to accord better with the whole subject matter, and the other provisions of the various acts relating to it. That construction is this: that the money when received, shall be paid to the supervisors of the roads of the township, within which the lands shall lie at the time it was assessed or charged upon them. Rose township, under this interpretation, must be considered as entitled to the money in question: and in respect to it must also be taken to be the same artificial person now that it was before the erection of Barnett township; so that any right which became vested in it before the division, must still be held to belong to it, unless expressly taken away, which does not appear to be the case here.

Judgment affirmed.