STEPHEN L. SHERMAN & others *vs.* .EARL S. BENFORD, Collector.

An act of the general assembly extending the territorial limits of a fire district is not invalid because notice of the pendency of such act was not given to the parties embraced in the part of the district so added, in conformity with chap. 18, § 1, of the General Statutes, such notice not being requisite for the enlargement of a fire district, which is the act of the general assembly in the exercise of its supreme legislative power.

Although, as held in *Greene* v. *Mumford*, 5 R. I. 472, and in *Sherman* v. *Leonard*, 10 R. I. 469, the Supreme Court, as a court of equity, will not enjoin the collection of a tax on the mere ground that it has been improperly assessed against the complainant (the validity of the assessment on *him only* being involved), and that his estate has been levied upon and is about to be sold for its satisfaction, but will refer the complainant to his remedies at law; it will neverthless assume jurisdiction of a bill to enjoin the collection of a tax, where the question involves the validity of the whole tax, and its assessment upon every person taxed.

A tax assessed upon the members of a fire district is binding upon members included in such district by an act of the general assembly, extending its territorial limits, which takes effect after the passage of the vote to assess such tax, but before the time at which it was voted that it should be assessed.

A repeal of the act enlarging the district, passed after the assessment of the tax, does not

avoid or annul the vote and order levying the tax and the assessment thereof, inasmuch as by the provisions of the General Statutes, chap. 22, § 16, the repeal of a statute is not to affect any right accrued under the statute repealed before such repeal took effect. *Richard* v. *Daggett et al.* 4 Mass. 534, stated and distinguished.

BILL IN EQUITY with accompanying petition, for a preliminary injunction, brought against the collector of taxes of North Providence for the district of Pawtucket, by a number of tax payers, in behalf of themselves and all others who had a common interest with them in the event of the suit. The bill represented that in 1801 the general assembly incorporated the village of Pawtucket, in said town, as a fire district, with power in the district to choose proper officers, and assess and collect taxes on the property therein for the purpose of supporting the fire department. That the act of incorporation had been several times amended, and on the 26th day of March, 1872, an additional act was passed enlarging the boundaries of the district, and annexing the territory in which the complainants reside; but this act was procured by imposition on the general assembly, without notice to the town or its citizens, and without a petition therefor from the town or from any citizens owning property in the annexed territory. That upon a presentation of these circumstances, the legislature, at the January session, 1873, repealed the act. Before the repeal, on the 1st day of April, 1872, the freemen of the district, other than the complainants, voted a tax of forty cents on each $100 of the property of the inhabitants therein, and at a special meeting in the following August the same was ordered to be assessed in November, payable on or before December 16, 1872. The complainants did not pay their assessments, and the tax collector advertised their property for sale at auction on the 16th inst. The bill prayed that this sale might be enjoined, first because the act of March 26 could not go into operation until ten days after the rising of the assembly, which occurred April 27, and consequently the vote of the freemen on the 1st day of April was void; secondly, because the act itself was void for want of notice; and thirdly, because the repeal of the act had annulled all proceedings taken under it. To this bill the respondent demurred, and the cause was now heard upon the demurrer filed by him.

*James Tillinghast*, for the respondent, in support of the demurrer. I. The district is a necessary party to the bill. It is

not only interested, but is the only party really interested in the subject matter in controversy, and for whose benefit alone the tax is assessed and to be collected. The defendant is merely the agent — officer of the district, having no personal interest — a nominal party only.

II. The plaintiffs have a full and adequate remedy at law. The whole ground of the bill is that the tax is void, and if so no valid sale can be made, or other act justified under it. It is the settled doctrine of this state that the collection of taxes will not be enjoined, but the party left to his remedy at law. *Greene* v. *Mumford*, 4 R. I. 313; *Sherman* v. *Leonard, Collector*, 10 R. I. 469.

III. No ground is shown to avoid the tax. First. That the act of January, 1872, was passed without previous notice, is no valid objection to it. (*a.*) It was not within the statute (Rev. Stat. chap. 1, § 2) requiring notice. Neither the town nor individuals, in the sense of the statute, were affected by it. It might as well be said that the tax law could not be changed without notice to all the tax payers. *People* v. *Draper*, 15 N. Y. 532. (*b.*) But were it otherwise, the act itself was a repeal *pro tanto* of the statute. *Bailey* v. *Power Street Church*, 6 R. I. 491. Secondly. The act cannot be attacked collaterally on the ground of surprise, or even fraud in the assembly in its passage, even if the bill contained any sufficient allegation of either, which it does not. Potter's Dwarris on Statutes, pp. 61, 62, and notes; *Fletcher* v. *Peck*, 6 Cranch, 87; *People* v. *Shepard*, 36 N. Y. 285. Thirdly. The repeal of the statute did not repeal or annul the tax already assessed under it. The original act was, with respect to this tax, wholly spent and exhausted. Its collection rests and is provided for, not in the act repealed, but in the original act of incorporation of the district. *Belvidere* v. *Warren R. R. Co.* 34 N. J. L. 193; *Pacific Mail Steamship Co.* v. *Joliffe*, 2 Wal. 450; *People* v. *Supervisors of Westchester Co.* 4 Barb. 64. Further, it is expressly saved by Gen. Stat. chap. 22, § 16.

*Currey & Miner*, for the complainants, *contra*.

BRAYTON, C. J. The bill in this case is filed by the plaintiffs against the collector of taxes of the fire district called Pawtucket, to obtain an injunction against the said collector from enforcing the collection of taxes assessed against them, and from selling their estates for that purpose, now advertised for sale, and this on

the ground that the said taxes were illegally assessed upon them, and the whole assessment was illegal. To this bill the defendants have demurred.

The material facts upon which the question argued before us are raised are, that a fire district, with certain defined limits, not including the complainants, had, many years before the 1st day of April, 1872, been incorporated, and had exercised all the powers granted them by the act of incorporation for the accomplishing the purpose of the act, that of preventing and extinguishing fires.

Among the powers granted to the district was a power " to make such acts and laws therein for raising such sums of money as shall be by them thought needful for defraying the expenses of purchasing," &c., to effect the objects of the incorporation.

On the 1st day of April, 1872, at a meeting of the corporation on that day, it was voted to raise a tax of ten cents per one hundred dollars, upon the ratable property of the district; that it should be assessed in the month of August, 1872, and collected and paid into the treasury on or before a certain day thereafter. That, at the January session of the General Assembly, 1872, an act was passed by the votes of the two houses, on the 26th day of March, 1872, extending the territorial limits of the district so as to include the complainants and some others, but that said act, nevertheless, did not go into effect until the expiration of ten days after the rising of the general assembly, at said session, which time expired on the 6th day of May, 1872, and after the vote of said district ordering said tax and the assessment thereof. That no notice was given by the general assembly, or ordered to be given, to the complainants or others brought within said district by the act.

After the act went into operation in May, namely; on the 10th day of August following, at a special meeting of the district, it was voted that the tax voted and ordered on the 1st day of April, instead of being assessed in the month of August, should be assessed in the month of November thereafter. That said tax was regularly assessed upon the ratable property of the district, as it was on the day of assessment in November, and before the collection thereof the act of incorporation was repealed by the General Assembly, at their January session, 1873.

The first objection made by the respondent, that the district was a necessary party to the bill, has been obviated by an amendment of the bill, in that respect, by consent.

The second was, that there is an adequate remedy at law. Were the bill one brought by a single individual to stay the collection of his tax, and which involved the validity of the assessment upon him only, we should feel bound to follow the cases cited in our own reports, and decline jurisdiction; but if it were necessary in this case to pass upon this objection, we think this case distinguishable from those cited, in this, that the question here involves the validity of the whole tax, its assessment upon every person taxed, and the bill is filed·as well for the several persons named as plaintiffs, as for every other person situated as the plaintiffs are. A multiplicity of suits might thus be avoided.

The plaintiffs, as one ground for the injunction asked for, say that the act annexing them to the fire district is invalid, because no notice was given to the persons so annexed, as provided by statute. We think that this objection is disposed of by the case of *Bailey* v. *The Power Street Church*, 6 R. I. 491. That was the case of a private corporation. The reason would be much stronger in the case of a public corporation, which may be created at the pleasure of the state, and does not require the assent of the corporators. In such case, it is said the legislative power is supreme and transcendent. It may erect, change, divide, or abolish, as it may deem the public good requires, may add territory or take it away, or carve out a new corporation, without special notice to any persons.

We think the act of annexation passed March 26, 1872, a valid act, operating, when it went into effect in May following, to make the new territory part of the original district, and the petitioners members of the corporate body.

It is contended that if the act was legally passed, and did operate to enlarge the boundaries of the original district, so as to include the complainants within the same, the vote to levy a tax, passed before the act of annexation went into effect, was not binding upon them, as they were not then members of the corporate body.

This objection involves the inquiry, Was this fire district, after the act of annexation went into effect, the same corporate

body as before, with boundaries enlarged, or was it a new corporation, newly created by that act, and distinct from that originally created?

Were it a new corporate body, the original body might be destroyed, but whether it was or not, the new body could not be affected by any vote or order, any by-law, or any act or transaction of the old corporation. It could succeed to none of its property, to none of its privileges, and be subject to none of its duties. It was evidently not so understood by the members of the old or the members of the enlarged district. They seem to have proceeded upon the assumption that the corporate body was the same body as before, requiring no new organization, no new by-laws, no purchase of engines or other property, and no new regulations for their use. If, on the other hand, the old corporation continues, and with its enlarged boundaries is, in contemplation of law, the same corporate body, then those who are brought in by the extension of the territory, come into a corporation already established, and with powers such as had been before given. They succeed to all the rights and privileges of the original members, and are subject to all the duties and liabilities of such original members. They are put upon the same footing with them as if they had already been members. They become members of the corporation as it is upon their entrance, having property, having by-laws, having debts and obligations, public and private. If by any by-law or vote of the corporation, duties are imposed upon the members generally, the new members become subject to the same laws and bound to the same duties.

In *Barnett Township* v. *Jefferson County*, 9 Watts, 167, taxes had been assessed in Rose township, but not collected. After the assessment, Barnett township was set off, and after this Rose township proceeded to collect the taxes of those who had been set off, and it was objected that the taxes were not raised for Rose township, with its contracted boundaries, and persons charged could have no benefit from them. It was held, that the town now enforcing payment of the tax was the same identical town which ordered and assessed the tax, and the money was for the use of the same district. The change here was by contracting the boundaries, but the corporation was the same identical body.

If it be the same corporation, when part of its territory is cut off, it would still be the same if it should be again added, and the principle must be the same if other territory be added.

We have been referred by the complainants to the case of *Richards* v. *Daggett et al.* 4 Mass. 534, as an authority against the validity of this tax. The facts of that case were, that a school district in the town of Attleborough, in August, 1805, voted a tax of $330, to be assessed on the 15th day of January, 1806, for the purpose of building a school-house in that district. The plaintiff was an inhabitant of the district at the time the tax was voted. Before the assessment, namely, on the 17th of September, that portion of the district in which the plaintiff resided was, by a vote of the town, under the authority of a statute, set off and erected into another school district, so that the plaintiff, when the tax was assessed on the 15th of January, had ceased to be a member of this, and had become a member of another district. It was held, that the plaintiff, on the 15th day of January, was not liable to be assessed in the old district, and the tax could only be assessed upon the district as it was at the time of assessment. The plaintiff in this case had his vote in ordering the tax in the old district. Parsons, C. J., who delivered the opinion, speaking of school districts, which might be changed and altered by the vote of the town at their discretion, says, it is not just that one should be assessed for a tax he had no voice in ordering, or from which he could derive no benefit, and for this reason, if he were added to the district after the order to assess, he could not be assessed, having no voice in making the order; and adds, that the district voting the money should have the same limits when the tax is assessed as when ordered. If not, it must be considered as a new or different district. Those who remained might not have ordered so large a tax, and the vote to raise the money is annulled. He is here all the time speaking of school districts only, and then comes to distinguish them from towns, and the most operative distinction, as he says, is when a new town is incorporated out of one or more towns. The former corporation continues, with all its powers and duties, but if a new school district is formed out of one or more, all the districts whose limits are anew prescribed, become new districts in fact. The case, as thus stated, seems to proceed upon the ground that the rule ap-

plicable to school districts in Massachusetts is an exception to the general rule applicable to other public corporate districts.

The case then is no precedent for this. This district is a fire district, and not a school district. It is created by the general assembly, and not by the votes of a town. It is a corporation exercising some of the power of a municipal corporation. It is for the purposes for which it is created,— the suppression of fires, an instrumentality of the state, and so a public corporation; and though it may not fall within the denomination of a municipal corporation, yet is so nearly allied to municipal corporations, that the rules in this regard applicable to the one may be applied to the other.

We perceive no difference in principle between the vote to levy a tax to pay the debt for which the incoming members are liable, and any other by-law or vote to impose duties upon the members generally in other respects, and we think the plaintiffs are bound by the votes and resolutions upon the subject of the tax.

The repeal of the act of March 26, 1872, enlarging the district to include the complainants, it is claimed, avoided and annulled the vote and order levying the tax and the assessment thereof.

Had the repeal taken place prior to the actual assessment, there would be more ground for this claim, for until the levy by assessment no right had been fixed against the complainants; but the repeal of a statute, by the provisions of the general statutes, is not to affect any right accrued under the statute repealed, while it remained in force.

If, therefore, the tax, when assessed in November, was rightly assessed while the complainants were within the corporation, the repeal of the act which placed them there could not discharge the liability which accrued while there, and while the act was in force, any more than an act creating a new corporation out of the district in which they resided at the time, could.

*Demurrer sustained and bill dismissed.*